| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 03 C 5452 | DATE | 3/19/2004 | |
| CASE TITLE | Eugene Biesek vs. Soo Line Railroad Co., et al | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Defendant Canadian Pacific Railway Co. d/b/a Soo Line Railroad Co. motion to transfer venue to the Western District of Wisconsin[7-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE BIESEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 03 C 5452 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| SOO LINE RAILROAD CO. and ) | |
| CANADIAN PACIFIC RAILWAY, ) | |
| ) | DOCKETED |
| Defendants. ) | |
| ) | MAR 2 2 2004 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Canadian Pacific Railway Co. d/b/a Soo Line Railroad Co.'s ("Soo Line") Motion to Transfer Venue to the Western District of Wisconsin. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

Plaintiff Eugene Biesek, a resident of Bariboo, Wisconsin, was employed as an engineer by Defendant Soo Line. On December 20, 2000, Plaintiff was seriously injured while attempting to adjust a loose jumper cable on a certain locomotive owned by Defendant. The accident occurred in Columbia County, Wisconsin. Plaintiff brought this action pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, alleging that his injuries were caused by Soo Line's negligent failure to properly inspect and properly install the jumper cable. Defendant Soo Line now brings this motion to transfer venue from the Northern District of Illinois to the Western District of Wisconsin.

## DISCUSSION

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

/2

division where it might have been brought." In ruling on a motion to transfer, a court must consider both the private interests of the parties and the public interests of the courts. *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *2 (N.D. Ill. Oct 31, 2002).

The party moving for a transfer of venue must show that: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *See Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 WL 22012203, at *3 (N.D. Ill. Aug. 22, 2003). The measures of convenience and the interests of justice involve a substantial degree of subtlety and latitude and are therefore "committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In this case, it is not disputed that venue is proper in both the transferor and transferee courts.

### A. *Private Interests*

A court looks to several factors in balancing the private interests of the parties: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the ease and access of sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). In order to tip the scale convincingly towards transfer, Soo Line "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20.

*1.    Plaintiff's Choice of Forum* -- A plaintiff's choice of forum is customarily accorded deference, but the importance of Plaintiff's preference in this case is lessened by the fact that he did not bring the action in his home district. *See Raddenbach v. Soo Line R.R. Co.*, No. 99 C 2588, 1999 WL 984393, at *1 (N.D. Ill. Oct. 25, 1999) (discounting the importance of FELA plaintiff's choice of Chicago forum when plaintiff resided in Wisconsin and was injured in Wisconsin).

2

2. *Situs of Material Events* -- The parties dispute the location of the critical "situs of material events." Soo Line contends that Biesek's injury, which occurred in Wisconsin, is the critical material event in this case. Plaintiff, on the other hand, maintains that the litigation will focus on an alleged failure to inspect Soo Line's locomotive in either Soo Line's or CSX's railyards in Northern Illinois. Although the Plaintiff also argues that an abandoned settlement agreement in Chicago will be important to the litigation, the injury in Wisconsin and the alleged negligent conduct on Defendant's part in Illinois are the "material events" central to this dispute. Since neither party has shown that one event will overshadow the other in importance, this factor does not weigh on either side of the equation.

3. *Ease and Access of Sources of Proof* -- Neither party argues whether proof will be more accessible in Illinois or Wisconsin.

4. *Convenience of the Parties* -- The convenience of the parties does not figure heavily in favor of or against transfer. Soo Line, as a large transportation company, will not suffer hardship by litigating this dispute in either Illinois or Wisconsin. *See Firkus v. Soo Line R.R. Co.*, No. 96 C 3714, 1996 WL 568803, at *2 (N.D. Ill. Oct. 2, 1996). And although Plaintiff's inconvenience may not be asserted in a motion to transfer, *see id.*, it should be noted that both Illinois and Wisconsin seem to be equally convenient to Plaintiff. Wisconsin appears to be a more geographically convenient forum to Plaintiff, a Wisconsin resident, but he chose to file the lawsuit in Illinois.

5. *Convenience of the Witnesses* -- The potential inconvenience to witnesses already ascertainable weighs strongly in favor of a transfer to the Western District of Wisconsin. Defendant submits an interrogatory response listing seven potential medical witnesses, as well as three Soo Line employees who have information about the circumstances surrounding Plaintiff's injury. Of the medical witnesses, five reside in Wisconsin and two in Minnesota. The employees of Soo Line are all residents of Milwaukee, Wisconsin. Plaintiff asserts that some Illinois resident(s) will have critical

3

information about the inspection procedures on Soo Line and CSX's railyards in Illinois, but he has not indicated the names or residences of any prospective witnesses.

The inconvenience to Soo Line's own employee witnesses is given less weight than the potential inconvenience to third-party witnesses under neither party's control, but it is not removed from consideration entirely. *See Dillon v. Watson Bowman Acme Corp.*, No. 02 C 9289, 2003 WL 22454024, at *2 (N.D. Ill. Oct. 27, 2003). Soo Line is a transportation company, but contrary to Plaintiff's assertion, it is not a foregone conclusion Defendant could transport Wisconsin witnesses to Chicago on Soo Line freight cars, which in itself might be considered an inconvenience. The relatively short distance between Madison and Chicago is also not dispositive, as transfers have been granted to defendants in FELA cases in which an even shorter distance is at issue. *See, e.g., Gasda v. Indiana Harbor Belt R.R. Co.*, No. 98 C 8371, 1999 WL 592098, at *3 (N.D. Ill. Aug. 2, 1999). Plaintiff asserts that the testimony as to Biesek's medical condition before and after his injury will be relatively uncomplicated and that medical witnesses may simply testify by deposition. However, live testimony is generally favored over a deposition, and compulsory process is unavailable to assure the attendance of the medical witnesses domiciled in Wisconsin. *See Rohde v. Central R.R. of Ind.*, 951 F. Supp. 746, 748 (N.D. Ill. 1997).

Although Soo Line has not specified all of the witnesses that will be called to testify at trial, it is clear that the vast majority of all potential witnesses reside either in Wisconsin or in Minnesota, which is nearer to Wisconsin than Illinois. Indeed, the addresses of the only "Illinois" witnesses offered by Plaintiff are unknown. The fact that the inspection may have occurred in Illinois does not necessarily mean the inspectors reside within the state. Therefore, the inconvenience of witnesses weighs heavily in favor of transfer.

### B. *Public Interests of Justice*

Next, the Court considers the public interests of justice, which are concerned with "the efficient administration of the court system." *Coffey*, 796 F.2d at 221. Factors relevant

to this analysis include: (1) the relation of the community to the issue in litigation; (2) the courts' familiarity with the applicable law; and (3) the relative docket congestion of the courts. *See Raddenbach*, 1999 WL 984393, at *2. Both courts are equally familiar with the federal law applicable to this case, and neither party has presented any information about how speedily a case would proceed to trial in either the transferor or the transferee district. Therefore, only each community's potential relation to the issue in litigation factors into the Court's analysis.[1]

Both Illinois and Wisconsin have an interest in this case. Wisconsin has a substantial interest in addressing an injury to one of its citizens. However, Illinois has its own considerable stake in maintaining safe conditions on its local railyards and railways, which is where the allegedly negligent inspection occurred. Therefore, neither community's relation to the issue in litigation outweighs the other's.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Transfer Venue to the Western District of Wisconsin is granted.

SO ORDERED.         ENTERED: 3/19/04

Ronald A. Guzman
United States Judge

---

[1] The parties exchange salvoes about whether or not the Plaintiff may have waived his right to bring this action on his own behalf due to his alleged failure to disclose the litigation during his bankruptcy proceeding in the Western District of Wisconsin. Such a failure to disclose can have serious consequences and cannot be dismissed as simply a "red herring." *See In re Barber*, 223 B.R. 830, 833-34 (N.D. Ga. 1998) (disallowing debtor from claiming exemption for personal injury claim after failure to timely disclose pending claim to bankruptcy trustee). However, because the Defendant has only noted the *possibility* of an action by the bankruptcy trustee in Wisconsin, it is premature to rule on this issue.